# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER M. MANION**                                                                 **PLAINTIFF**

**V.**                     **NO. 4:19CV00236 KGB/PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**[1]                      **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Christopher M. Manion, applied for disability benefits on May 15, 2013, alleging a disability onset date of January 30, 2010. (Tr. at 12). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Manion's claim. (Tr. at 20). The

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

Appeals Council denied his request for review. (Tr. at 1). Mr. Manion filed a case in the United States District Court seeking reversal of the ALJ's decision, and the District Court remanded for another hearing, finding that the ALJ failed to set forth specific functional restrictions in the RFC. (Tr. at 426-430, 583-585). After a second hearing, the ALJ again denied Mr. Manion's claim. (Tr. at 448). The Appeals Council declined to review the decision. The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Manion has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. **The Commissioner's Decision:**

The ALJ found that Mr. Manion had not engaged in substantial gainful activity since the alleged onset date of January 30, 2010. (Tr. at 429). At Step Two of the sequential five-step analysis, the ALJ found that Mr. Manion had the following severe impairments: disorders of the back-discogenic and degenerative osteoarthritis and allied disorders, peripheral neuropathy, disorders of muscle, ligament, and fascia (Tr. at 430). The ALJ found the same severe impairments plus anxiety and depression to be present after September 19, 2016. *Id.*

The ALJ found that Mr. Manion's impairments did not meet or equal a listed impairment. (Tr. at 431). Before proceeding to Step Four, the ALJ determined that, prior to September 19, 2016,[2] Mr. Manion had the residual functional capacity

---

[2] The ALJ found Mr. Manion to be disabled after September 19, 2016, so the relevant time-

("RFC") to perform work at the sedentary level, with limitations. *Id.* He could occasionally lift or carry 10 pounds and frequently lift less than 10 pounds. *Id.* He could sit for 6 hours daily, and stand and walk for 2 hours daily. *Id.* He could occasionally climb, balance, crawl, kneel, stoop, or crouch. *Id.* He could frequently handle and finger with the right upper dominant extremity and frequently reach bilaterally. *Id.*

The ALJ next found that Mr. Manion had no past relevant work. (Tr. at 446). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Manion's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform, prior to September 19, 2016. *Id.* Therefore, the ALJ found that Mr. Manion was not disabled throughout the relevant time-period. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

---

period for this claim is from the alleged onset date through September 19, 2016. (Tr. at 447).

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

    B.    Mr. Manion's Arguments on Appeal

Mr. Manion contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the RFC did not incorporate all of his limitations, that the ALJ did not properly weigh expert opinions, and that the ALJ failed to properly analyze Mr. Manion's subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Manion argues that his cervical pain was disabling. Cervical spine MRI showed no significant degenerative changes on February 14, 2014. (Tr. at 324-325). Mobic, hydrocodone, and warm weather helped with pain. (Tr. at 335, 344, 351). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). On at least three occasions through December 2014, Mr. Manion said that he aggravated his condition by doing moderate physical activity at work. (Tr. at 305, 349, 401, 844). Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994). As of September 2015, Mr. Manion said he was able to clear brush out of a ditch, but he injured himself in the process. (Tr. at 944).

Doctors regularly encouraged Mr. Manion to exercise. (Tr. at 342, 909, 916). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). They treated him conservatively with medication, steroid injections, and physical therapy. The steroid injections gave short term relief. (Tr. at 307). Mr. Manion discontinued physical therapy without authorization. (Tr. at 969).

In November 2014, Mr. Manion had normal range of motion in his back. (Tr. at 926). On August 18, 2015, Mr. Manion demonstrated normal curvature of the

5

cervical spine, with no palpable trigger points. (Tr. at 913). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). X-rays of the cervical spine were unremarkable. (Tr. at 326). At clinic visits, Mr. Manion was routinely in no acute distress and muscle tone and strength were normal. (Tr. at 268-272, 334-347, 891, 909). Lumbar MRI showed mild to moderate conditions. (Tr. at 396, 916, 1169).

Mr. Manion injured his right shoulder, but heat and steroids lessened the pain. (Tr. at 885-888). X-rays and MRI of the shoulder revealed mild conditions. (Tr. at 1041-1054, 1121-1122).

Mr. Manion had wrist surgery, after which he had minimal pain and reduced swelling. (Tr. at 398-400). Wrist x-ray was normal. *Id*. Moreover, Mr. Manion was able to do things like do yard work, feed pets, shop and drive. (Tr. at 164-167). He continued to work on cars, lift lawnmowers, and clear brush. (Tr. at 282, 349, 468, 944, 1131, 1162). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Mr. Manion contends that the ALJ did not give proper weight to the medical opinion of Amy Thurman, APRN. Ms. Thurman filled out a medical source checklist that said he would miss three days of work per month and could not perform the full range of sedentary work. (Tr. at 410-416, 446). Dr. James Nolen, M.D., signed the

short checklist opinion, but he specifically said he had not seen the patient and did not know the answers to the questions. (Tr. at 888). Moreover, the opinion is contradicted by both the weight of the evidence, and by the opinion of Dr. Clifford Evans, M.D., who said that Mr. Manion had no serious medical issues and only mild limitations due to neck pain and neuropathy. (Tr. at 268-272). Ms. Thurman also authored a two-sentence opinion in June 2016 that Mr. Manion was unable to work (Tr. at 978), but she did not support her opinion with any medical evidence. A conclusory form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Again, the opinion was contradicted by mild objective findings, conservative treatment, and positive response to medications. The ALJ properly discounted her opinions.

Likewise, the RFC fully incorporated Mr. Manion's limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ

7

considered the state-agency physicians' opinions that Mr. Manion could perform sedentary work with postural limitations, including some reaching limitations. (Tr. at 444). Mr. Manion has not shown that he was significantly restricted. The RFC was based on the evidence as a whole, including expert opinions, and it fully incorporated Mr. Manion's credible limitations.

Finally, the ALJ properly evaluated Mr. Manion's subjective complaints. He discussed Mr. Manion's ability to perform activities of daily living and his non-compliance with treatment (Mr. Manion dropped out of physical therapy and left the ER without being discharged). (Tr. at 438). The ALJ mentioned the effectiveness of pain medication, the minimal side effects, and the mild objective findings. He fulfilled his duty to analyze these various factors in relation to the consistency of Mr. Manion's subjective complaints. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019).

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Manion was not disabled. The ALJ gave proper weight to the opinions of medical experts, the RFC fully incorporated Mr. Manion's limitations, and the ALJ properly evaluated Mr. Manion's subjective complaints. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 7th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE